**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS JEFFERSON UNIVERSITY d/b/a JEFFERSON HEALTH** | : | **CIVIL ACTION No. 26-5883** |
| **v.** | : | |
| **KEYSTONE HEALTH PLAN EAST, ET AL.** | : | |

**ORDER**

This 16th day of October, 2026, for the reasons that follow, it is hereby **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, ECF 12, is **GRANTED** in part and **DENIED** in part, as follows:

1) As to ripeness, and the related issue of whether Plaintiff's claims are subject to the dispute resolution mechanism set forth in Section 19.2 of the parties' Agreement, the motion is denied.[1] The Complaint alleges ongoing breaches of contract resulting in damages. ECF No. 1-1 ¶¶ 158-165. These alleged injuries are not contingent or speculative, because the events giving rise to the claim have already transpired, notwithstanding the fact that damages can only be estimated. *See Zaftr Inc v. Kirk*, 760 F. Supp. 3d 275, 284 (E.D. Pa. 2024) (holding a breach-of-contract claim to be ripe where the events underlying the claim had already occurred). Regarding the nature of the dispute resolution mechanism in Section 19.2 of the Agreement, the Court discerns no language mandating exhaustion, particularly where the claim pleaded is that there has been a contractual breach. *Compare Ziarno v. Gardner Carton & Douglas, LLP*,

[1] The parties disagree on whether Rule 12(b)(1) or Rule 12(b)(6) applies to this issue and whether the materials Defendants attached to their motion are properly considered. The motion fails under either standard.

No. 03-3880, 2004 WL 838131, at *3 (E.D. Pa. Apr. 8, 2004) (granting 12(b)(1) motion to dismiss where "the unambiguous intent expressed in the contract was for the parties to submit to private mediation/arbitration prior to bringing suit").

2) As to whether Schedule 4 to Exhibit A-1 of the Agreement bars Plaintiff's claim for 340B drug payments, the motion is denied, because Plaintiff plausibly identifies an ambiguity in the Agreement's terms, making dismissal premature. *See State Farm Fire & Cas. Co. v. PECO Energy Co.*, No. 19-3288, 2020 WL 757857, at *3 (E.D. Pa. Feb. 13, 2020) (noting that dismissal is improper where critical contract provisions are ambiguous); *Operative Bricklayer's Union No. 64 of Pa. Welfare Fund v. Bricklayer's Loc. Union No. 1 of Pa. Welfare Fund*, 45 F.R.D. 429, 431 (E.D. Pa. 1968) (same).

3) As to Count Two of Plaintiff's Complaint, seeking declaratory relief, which Defendants seek to dismiss as duplicative of Count One, alleging breach of contract, the motion is denied. These Counts seek different relief, and until the record is developed, the appropriate remedy, if any, cannot be determined. *See Greenwald Caterers Inc. v. Lancaster Host, LLC*, 599 F. Supp. 3d 235, 268 (E.D. Pa. 2022) (denying motion to dismiss declaratory judgment claim where plaintiff's claim did "not appear to be strictly duplicative of its breach of contract claim").

4) As to Plaintiff's request for attorneys' fees, the motion is granted, as the Court can discern no legal basis for such an award, and Plaintiff has offered none. *See VanSchaick v. State Farm Fire & Cas. Co.*, No. 25-1354, 2025 WL 2086109, at *4 (E.D. Pa. July 24, 2025).

/s/ Gerald Austin McHugh
United States District Judge